No. 24-1769

# In the United States Court of Appeals for the Sixth Circuit

B.A., mother of minors D.A. and X.A., et al.
*Plaintiffs-Appellants,*

*v.*

TRI COUNTY AREA SCHOOLS, et al.,
*Defendants-Appellees.*

*On Appeal from the United States District Court for the Western District of Michigan, No. (*1:23-cv-00423)

_____

**MOTION BY THE MANHATTAN INSTITUTE FOR LEAVE TO FILE** *AMICUS CURIAE* **BRIEF SUPPORTING APPELLANTS AND REVERSAL**
_____

Ilya Shapiro
  *Counsel of Record*
Tim Rosenberger
MANHATTAN INSTITUTE
52 Vanderbilt Ave.
New York, NY 10017
(212) 599-7000
ishapiro@manhattan-institute.org

December 10, 2024

# MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE*

Pursuant to Fed. R. App. P. 29(a)(3), the Manhattan Institute respectfully submits this motion for leave to file a brief of amicus curiae in the above-captioned proceeding. Counsel for movant sought consent from the parties and received consent from Plaintiffs-Appellants. Counsel for Defendants-Appellees did not reply to movant's request despite repeated entreaties.

# INTEREST OF MOVANT[1]

The Manhattan Institute (MI) is a nonpartisan public policy research foundation whose mission is to develop and disseminate new ideas that foster responsibility and agency across multiple dimensions. To that end, it has historically sponsored scholarship supporting the rule of law and opposing government overreach. It has also sponsored scholarship and filed briefs opposing regulations that interfere with constitutionally protected liberties. MI has a particular interest in defending constitutional speech protections, as its scholars have been targets of speech-suppression efforts. It also participates as *amicus curiae* in cases like this one to help educate courts on areas within MI's unique expertise.

---

[1] Corporate disclosure: The Manhattan Institute has no parent companies, subsidiaries, or affiliates, and does not issue shares to the public.

This particular case interests MI because it involves the viewpoint-based regulation of student speech.

**THE BRIEF'S RELEVANCE AND DESIRABILITY**

Courts are "usually delighted to hear additional arguments from able amici that will help the court toward right answers." *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999). This is particularly true when an amicus provides "information on matters of law about which there was doubt, especially in matters of public interest." *United States v. Michigan*, 940 F.2d 143, 164 (6th Cir. 1991) (citation omitted). Regardless of the identity of the filer, "the criterion for deciding whether to permit the filing of an amicus brief should be the same: whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs.'" *Animal Prot. Inst. v. Merriam*, No. 06-3776, 2006 U.S. Dist. LEXIS 95724, at *4 (D. Minn. Nov. 16, 2006) (quoting *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 545 (7th Cir. 2003)).

MI is well-suited to help this Court in this case, which involves complex matters of freedom of speech in a public school. Although the Supreme Court has rarely addressed and articulated public-school students' freedom of speech rights, other circuit and district courts have consistently recognized such rights.

MI's *amicus* brief highlights cases where courts have recognized the free speech rights of young public-school students. MI's *amicus* brief also highlights scholarship and scientific studies which show the significant pedagogical benefits which elementary school students receive from being encouraged to express themselves, to form opinions, and to engage in free speech.

MI offers a unique perspective on the district court's decision and how it threatens free speech rights. Given the subject matter before the Court, and the implications for students who wish to challenge the government's policies in the future, MI has prepared the accompanying brief for the Court's consideration.

## CONCLUSION

Based on the foregoing, MI requests that this Court grant this motion for leave to file a brief as *amicus curiae* in support of plaintiffs-appellants.

Dated: December 10, 2024

Respectfully submitted,

*/s/ Ilya Shapiro*
Ilya Shapiro
Tim Rosenberger
MANHATTAN INSTITUTE
52 Vanderbilt Ave.
New York, NY 10017
(212) 599-7000
ishapiro@manhattan-institute.org

# CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2024, I electronically filed the foregoing brief with the Clerk of the Court for the U.S. Court of Appeals for the Sixth Circuit for filing and transmittal of a Notice of Electronic Filing to the participants in this appeal who are registered CM/ECF users.

Dated: December 10, 2024               s/ Ilya Shapiro
                                       Counsel for *Amicus Curiae*