No. 24-1769

# United States Court of Appeals for the Sixth Circuit

**B.A.,** MOTHER OF MINORS **D.A.** AND **X.A.;**
**D.A.,** A MINOR, BY AND THROUGH HIS MOTHER, **B.A.;**
**X.A.,** A MINOR, BY AND THROUGH HIS MOTHER, **B.A.,**

*Plaintiffs-Appellants,*

v.

**TRI COUNTY AREA SCHOOLS;**
**ANDREW BUIKEMA,** IN HIS INDIVIDUAL CAPACITY;
**WENDY BRADFORD,** IN HER INDIVIDUAL CAPACITY,

*Defendants-Appellees.*

Appeal from the United States District Court for the Western District of Michigan, Civil Action No. 1:23-CV-00423

OPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF
IN SUPPORT OF PLAINTIFFS-APPELLANTS B.A., D.A., & X.A.

Matthew Kudzin
Jack Lund
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000

*Counsel for Amicus Curiae*

National Coalition Against Censorship ("NCAC") moves for leave to file the accompanying *amicus* brief in support of Plaintiffs-Appellants B.A., D.A., and X.A. Counsel for *amicus* contacted Plaintiffs-Appellants and Defendants-Appellees seeking their consent to file the brief.

Plaintiffs-Appellants consent to the filing of the brief.

Defendants-Appellees Tri County Area Schools, Andrew Buikema, and Wendy Bradford have not responded to NCAC's inquiry and therefore presumably do not consent.

Pursuant to Fed. R. App. P. 29(a)(4), *amicus* certifies that counsel for *amicus* authored this brief in whole; that no counsel for a party authored this brief in any respect; and that no person or entity, other than *amicus* and their counsel, contributed monetarily to this brief's preparation or submission.

## I. Interests of *Amicus Curiae*

The National Coalition Against Censorship ("NCAC") is an alliance of more than 60 national non-profit literary, artistic, religious, educational, professional, labor, and civil liberties groups. Founded in 1974, NCAC's purpose is to promote freedom of thought, inquiry, and expression and to oppose all forms of censorship. NCAC engages in direct

1

advocacy and education to support free expression rights of students, authors, readers, publishers, booksellers, teachers, librarians, artists, and others.

NCAC is committed to supporting the First Amendment rights of students. Through its Student Advocates for Speech Leadership Program, NCAC trains and connects a nationwide network of student leaders to address free speech and censorship issues in their communities and their schools. NCAC also organizes the Right to Read Network, a national grassroots network of local community organizers who advocate in front of school boards and local public library boards to fight book bans, expand access to information, and raise awareness about the harms of censorship.

Through its advocacy efforts, NCAC has observed the continuing and widespread censorship of student speech, due in part to misapprehension or misapplication of the Supreme Court's precedents and, in particular, due to an unduly broad reading of *Bethel School District No. 403 v. Fraser*, 478 U.S. 675 (1986). School administrators, like the district court in this case, have read isolated phrases in *Fraser* as authorizing their censorship of any message they deem contrary to

their undefined, unreviewable notion of the "educational mission of the school."

Given the importance of political speech in public schools to the inculcation of democratic values, the teaching of political pluralism and dissent, and the cultivation of active participants in our public discourse, any exception to the First Amendment's protection of student speech should be narrowly construed. The district court decision put those rights at risk. *Amicus* has an interest in a clear, circuit-level articulation of the robust political speech rights enjoyed by public school students.

## II. Desirability and Relevance of the Brief

The proposed *amicus* brief will aid the Court's consideration of this appeal by providing additional information and context beyond that already provided by the parties. The brief will aid the Court by highlighting the contours of the existing exceptions to students' speech rights under the First Amendment. It will also provide context as to the significance of the phrase "Let's Go Brandon" as core political speech, and will discuss the practical implications of the Court's decision by explaining how schools abuse their authority to censor speech on matters of both national importance and personal significance to students.

3

For these reasons, *amicus* NCAC respectfully requests leave to file the attached brief.

                                            Respectfully submitted,

                                            */s/ Matthew Kudzin*
                                            Matthew Kudzin
                                            Jack Lund
                                            COVINGTON & BURLING LLP
                                            850 Tenth Street NW
                                            Washington, DC 20001
                                            Telephone: (202) 662-6000

                                            *Counsel for Amicus Curiae*

# CERTIFICATE OF COMPLIANCE

This document complies with the word limits of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 553 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point Century Schoolbook font.

Dated: December 11, 2024        /s/ *Matthew Kudzin*
                                                        Matthew Kudzin
                                                        *Counsel for Amicus Curiae*

# CERTIFICATE OF SERVICE

I certify that on December 11, 2024, the foregoing document was served on all counsel of record through the Court's CM/ECF system.


Dated: December 11, 2024          /s/ *Matthew Kudzin*
                                                             Matthew Kudzin
                                                             *Counsel for Amicus Curiae*